Filed 6/21/16  P. v. Chapman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROBERT DEWEY CHAPMAN III, <br><br> Defendant and Appellant. | F070758 <br><br> (Super. Ct. No. RF006229A) <br><br><br> **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P.J., Franson, J. and Peña, J.

Robert Dewey Chapman III appeals from the judgment entered after the trial court found he had violated the terms of his probation and sentenced him to prison. We find no error in the record and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

In 2011, Chapman pled no contest to one count of inflicting corporal injury on his spouse resulting in a traumatic condition and was placed on probation for three years.[1]

In 2014, Chapman was alleged to have violated his probation. The probation declaration letter asserted Chapman violated the terms of probation by failing to report to his probation officer on a monthly basis and by harassing the victim, his wife.

A hearing was held on the violation of probation petition. The wife testified to her contacts with Chapman, which might best be described as alcohol-fueled confrontations. Chapman's probation officer testified Chapman had failed to report for his monthly meetings. Chapman testified in his defense and asserted his wife initiated all contact with him, and he had not harassed her. Chapman did not address the allegation that he had failed to report to the probation officer as directed.

The trial court found Chapman had violated his probation and sentenced him to three years in prison. The trial court specifically found the wife's testimony was more credible than Chapman's.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting he could not identify any arguable issues in the case. By letter dated June 5, 2015, we invited Chapman to inform us of any issues he wished addressed in this appeal. Chapman did not respond to our invitation.

---

[1]The record does not contain all of the documents related to the plea. For example, the minute orders from the plea and sentencing hearings are not in the record. Nonetheless, the record is sufficient to support these terms of the plea.

After reviewing the record, we concur with appellate counsel that there are no arguable issues in the case. The matter was a straightforward probation revocation hearing. Substantial evidence supported the trial court's findings. Even were we to disagree with the trial court's conclusion the wife's testimony was more credible than Chapman's, which we don't, Chapman failed to present any evidence to refute the allegation he failed to report to probation as directed. Accordingly, the evidence that Chapman violated his probation on this allegation was undisputed. The trial court acted well within its discretion when it sentenced Chapman to a midterm sentence.

Chapman did make a motion for substitute counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the trial court denied. Chapman's complaint, in essence, was that he had not had any contact with defense counsel to allow him to prepare for the hearing. Defense counsel explained Chapman had been instructed to contact his office and make an appointment to meet and discuss the case since Chapman was not in custody. Chapman subsequently moved, did not inform his attorney of his new address, and never contacted his attorney to schedule the appointment. The trial court did not err in denying the motion under the circumstances of this case.

## DISPOSITION

The judgment is affirmed.